John Doe 1171
(IP address 71.8.199.251)
Pro Se



FILED

AUG 1 2 2011



RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Third Degree Films, Inc., a California Corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV 10-05862 HRL ) |
| DOES 1-2010 | ) ) |
| Defendant. | ) ) |

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, MOTION TO QUASH SUBPOENA AND DISMISS OR SEVER FOR MISJOINDER

Defendant John Doe[1] (Doe # 1171, IP address 71.8.199.251) hereby moves to dismiss the Plaintiff's First Amended Complaint for lack of personal jurisdiction, or in the alternative, to quash subpoena and dismiss or sever for misjoinder.

### I. FACTUAL BACKGROUND

Plaintiff filed its First Amended Complaint on March, 29, 2011 to which it attached a list entitled "Table of Infringements by Defendants of Plaintiff Third Degree Films, Inc.'s Copyright in Illegal Ass 2." In pursuit of identifying information for such defendants, Plaintiff served a subpoena to Charter Communications (hereinafter "Charter"), an Internet Service Provider (ISP), requesting information about many of the

---

[1] Defendant John Doe is identified only with the IP address to which he is associated in the Plaintiff's subpoena to Charter.
Doe Defendant 1171 MOTION TO DISMISS
CV 10-05862 HRL

1

defendants' identities. In issuing the subpoenas, the Plaintiff relies upon an Internet Protocol (IP) address[2] to identify each of the alleged copyright infringers. Defendant John Doe 1171 was identified by IP address 71.8.199.251. Using a publicly available WhatIsMyIPAddress.com query, or any similar method, anyone can determine that this particular IP address is assigned to Charter in the St. Louis, Missouri area. See Exhibit #1. On information and belief, Plaintiff used a similar method of acquiring information to identify Charter as the appropriate ISP to which to issue the subpoena. Prior to disclosing John Doe 1171's identifying details, Charter provided John Doe 1171 with notice of Plaintiff's subpoena and urged John Doe 1171 to object directly to the court. This Motion follows.

## II. PERSONAL JURISDICTION IS NOT APPOPRIATE

John Doe 1171 is not a resident of California. Defendant is a resident of Missouri. When no federal statute governs personal jurisdiction, as is the case here, the district court applies the law of the forum state. *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute is co-extensive with federal standards and a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process. *Id* at 1320.

Due process requires that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions

---

[2] Broadly, an IP address is a numerical label assigned to a device participating on a computer network. More detailed information can be found online. See http://www.pcmag.com/encyclopedia/

Doe Defendant 1171 MOTION TO DISMISS
CV 10-05862 HRL

2

of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Where the defendant has not had continuous and systematic contacts with the state sufficient to subject him or her to general jurisdiction, the following three-part test is applied to determine whether the defendant has "minimum contacts" with the forum:

(1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1485 (9th Cir. 1993). (Citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)).

A short review of relevant facts in this matter demonstrate that John Doe 1171 resides in Missouri and that John Doe 1171's use of the internet service provided by Charter, via IP address 71.8.199.251, occurred entirely in Missouri. "To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.2d 1011, 1016 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F. 2d 1357, 1362 (9th Cir. 1990)). Defendant, John Doe 1171, has never conducted any business in California, has never engaged in any persistent course of conduct and derives no revenue from goods or

Doe Defendant 1171 MOTION TO DISMISS
CV 10-05862 HRL

3

services provided in the California. Given John Doe 1171's lack of contacts with California, exercise of jurisdiction over John Doe 1171 would far exceed the bounds of the Due Process clause.

While it is already clear enough that jurisdiction is not appropriate over John Doe 1171, Plaintiff makes no allegation in its First Amended Complaint that any defendant has the appropriate contacts to be subject to personal jurisdiction in Northern California. Furthermore, Plaintiff knows or should know, via public-access DNS searches, that the user of the IP address in question is based in the St. Louis, Missouri Region. See Exhibit #1. These facts are further proof that jurisdiction is not appropriate in this case and calls into question whether John Doe 1171 should have even been named in the present action.

Given that jurisdiction of John Doe 1171 (IP address 71.8.199.251) in this matter cannot be lawfully maintained, the matter should be appropriately dismissed.

### III. THE SUBPOENA SHOULD BE QUASHED

Even in the unlikely event that personal jurisdiction were appropriate, the subpoena issued to Charter, seeking information about IP address 71.8.199.251 should be quashed.

Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that no person shall be subject to a subpoena that imposes an "undue burden." Furthermore, the Federal Rules dictate that a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or under burden or expense" upon a showing of good cause. Fed. R. Civ. P. 26(c). Additionally, "a district court may quash a subpoena

duces tecum, the results of which if finds 'unreasonable and oppressive.' *Premium Service Corp. v. Sperry & Hutchinson Co.* 511 F.2d 225, 229 (9th Cir. 1975).

The subpoena in question here is unreasonable. Plaintiff already knew or should have known, by virtue of its IP search, that John Doe 1171 is located in the St. Louis, Missouri area. Accordingly, Plaintiff already knows, or should know, that jurisdiction over Defendant is not lawful for the reasons discussed above. Whether the Plaintiff has the specific name and street address of John Doe 1171 is irrelevant to the matter at hand until Plaintiff demonstrates that personal jurisdiction over John Doe 1171. Until the jurisdictional issue is resolved, the subpoena requesting unreasonable personal information about John Doe 1171 should be quashed.

## IV. MISJOINDER

In the unlikely event that this matter is not dismissed for lack of personal jurisdiction and if the subpoena is not quashed, John Doe 1171 should be severed or dismissed from the present matter, pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

(A) any right to relief asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P 20(a)(2); *Desert Empire Bank v. Insurance Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir.1980).

In this case, Plaintiff is attempting to improperly join over 2,000 individuals in a single action without alleging any coordinated action between defendants or any right to

Case5:10-cv-05862-EJD Document23 Filed08/12/11 Page6 of 9

relief that arises out of the same transaction. The Plaintiff's simply allege "each defendant acted in cooperation with other defendants by agreeing to provide, and by actually providing, on a P2P network an infringing reproduction of at least substantial portions of Plaintiff's copyrighted Motion Picture, in anticipation of the other Defendants doing likewise with respect to that work and/or other works." See First Amended Complaint p. 3, line 27. The Northern District rejected a similar allegation in *BMG Music v. Does 1-4*, No. 3:06-CV-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at 5-6 (N.D. Cal. July 31, 2006). In *BMG*, the court held that there was no basis for joinder when doe defendants allegedly infringed on a music copyright using the same Internet Service Provider because, "It appears that defendants, at different times and dates, have engaged in separate and distinct acts of downloading or disseminating the sound recordings." *Id.* at 5. Here, the alleged infringements of Plaintiff's copyrighted movie took place across the country by anonymous Doe defendants. The anonymous defendants acted separately and distinctly, at different times of the day over the span of a month and as in *BMG*, joinder is improper.

Finally, and perhaps most importantly, Defendant John Doe 1171 and other Doe defendants, would be heavily prejudiced by the incredible number of infringement and remedies arguments that a jury would be required to consider at trial. Joinder rules exist to maintain a minimal level of sanity in a litigation proceeding. Joining 2,010 defendants, located all across the country, and alleging that these thousands of defendants have infringed any number of works is exactly the type of legal morass that joinder rules were enacted to evade. John Doe 1171 should accordingly be severed or dismissed from the present matter.

Doe Defendant 1171 MOTION TO DISMISS
CV 10-05862 HRL

## V. CONCLUSION

Given all the foregoing, Defendant John Doe 1171 (IP address 71.8.199.251) respectfully requests that the Court dismiss Defendant for lack of personal jurisdiction. Alternatively, any requests made via subpoena pertaining to the Defendant should be quashed and Defendant should be severed or dismissed from the present proceeding.

August 10, 2011                                        Respectfully Submitted,

*/s/ John Doe*
John Doe 1171
(IP address 71.8.199.251)
Pro Se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent on this date via First Class Mail to the United States District Court for the Northern District of California:

U.S. District Court
Northern District of California
Attn: Clerk of the Court
280 S. 1st Street
San Jose, CA 95113

I further CERTIFY that a true and correct copy of the foregoing has been sent on this date via First Class Mail to Plaintiff's Counsel.

Ira M. Siegel
Law Offices of Ira M. Siegel
433 N. Camden Dr.
Suite 970
Beverly Hills, CA 90210

*[signature: John Doe]*
John Doe 1171
(IP address 71.8.199.251)

Doe Defendant 1171 MOTION TO DISMISS
CV 10-05862 HRL


WhatIs
MyIPAddress
.com

| My IP | IP Lookup | Blacklist Check | Trace Email | Speed Test | Hide IP | Change IP | IP Tools | FAQs | Forums |      | Search |

### IP Details for 71.8.199.251

This information should not be used for emergency purposes, trying to find someone's exact physical address, or other purposes that would require 100% accuracy. Please read about <u>geolocation accuracy</u> for more information.

`71.8.199.251`  [Lookup IP Address]

Quick Links:

- General IP Information
- Geolocation Information
- Geolocation Map
- Comments about this IP address

### General IP Information

Hostname: 71-8-199-251.dhcp.stls.mo.charter.com
ISP: Charter Communications
Organization: Charter Communications
Services: None detected
Type: Broadband
Assignment: Dynamic IP
Blacklist: [Blacklist Check]

### Geolocation Information

Country: United States
State/Region: Missouri
City: Saint Louis
Latitude: 38.5805
Longitude: -90.2744
Area Code: 314
Postal Code: 63116

### Geolocation Map

