Doe #137
I.P. Address 173.76.35.208
Third Degree Films, Inc. v. Does 1-2010
Case No. 10-CV-05862-EJD/HRL

U.S. District Court
Northern District of California (San Jose Division)
Attn: Clerk's Office
280 S 1st Street
San Jose, CA 95113

United States District Court

Northern District of California

San Jose Division

Third Degree Films, Inc., a California Corporation,

Plaintiff,

v.

Does 1-2010,

Defendant.

Case No. CV 10-5862 EJD/HRL

**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR MISJOINDER AND MOTION TO QUASH SUBPOENA**

To the Honorable Judge Howard R. Lloyd:

I respectfully move to dismiss and/or quash the portion of the subpoena on the grounds that the Court lacks personal jurisdiction over me with regard to the subpoena dated June 1, 2011 thatdirects Verizon Internet Services to produce my identifying information. I received a letter from my internet service provider, Verizon Online, dated August 31, 2011. A redacted copy of the letter is attached as Exhibit A to this motion to dismiss/quash. The letter states that my IP address is 173.76.35.208 and advises that I have 30 days to file a motion to quash the subpoena and object to the production of

personal information. As a result, I filed a request for a one week extension on September 30th by fax and mail. I now submit the motion within the one week period by fax and mail.

The grounds for quashing the subpoena are that the Subpoena should be quashed and/or dismissed because there is an insufficient relationship between Plaintiff's claim(s) and my contacts with California to justify the Court's jurisdiction over me. Due process requires that a defendant be sued in a jurisdiction where the Court has personal jurisdiction over that defendant. World-Wide Volkswagon Corp. v. Woodson, 444 U.S. 286, 297 (1980). Jurisdiction over a defendant may be general or specific in nature. Specific jurisdiction may exist only when the defendant has purposefully availed himself of the benefit of the jurisdiction through contacts with the forum.

The constitutional standard is whether the defendant had certain minimum contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) I do not reside, work, or conduct business in California, have not contracted to supply services in California, the IP address that is identified as assigned to me is not within the jurisdiction of the court, I have no interest in nor use any real property in California, I do not consent to personal jurisdiction in the California, I have no normal business or personal contacts with California, I have had no recent contact

with California with the exception of receiving the subpoena at issue here, and I have no other significant relationship with California then it is improper and against the traditional notions of fair play and substantial justice to subject me to this lawsuit in this jurisdiction. It would also be improper for Verizon to be required to turn over my identifying information to Plaintiff.

In addition, this case is virtually identical to On the Cheap, LLC v. Does 1-5011, Case No. C10-4472 in the U.S. District Court, Northern District of California, San Francisco Division (Judge Bernard Zimmerman). In that case, Judge Zimmerman severed and dismissed for improper joinder all but one defendant whose IP address was identified as within the court's jurisdiction. Judge Zimmerman also quashed the subpoenas, without prejudice to refilling in an appropriate jurisdiction.

Although I am proceeding in this matter pro se I did consult with an attorney and my pleadings were prepared after receiving assistance from a Rhode Island/Massachusetts attorney.

Respecfully Submitted,
DOE 137
Doe #137
(I.P. Address 173.76.35.208)
Pro Se

I would also like to make the court aware that I have sent by first class mail, postage prepaid, a true and correct copy of the foregoing Motion to Quash Subpoena and Motion to Dismiss for Lack of Personal Jurisdiction and/or Misjoinder to:

U.S. District Court
Northern District of California
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3489
Also sent by fax to 415-522-3605

U.S. District Court (original sent)
Northern District of California (San Jose Division)
Attn: Clerk's Office
280 S 1st Street
San Jose, CA 95113

Ira M. Siegel
Law Offices of Ira M. Siegel
433 N. Camden Dr.
Suite 970
Beverly Hills, CA 90210
Attorney for Plaintiff

Doe (#137)
I.P. Address 173.76.35.208
Pro Se