Christa Branin, Pro Se
Defendant 132
33 Woodlawn Ave.
Collingswood, NJ. 08108



## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

Third Degree Films, Inc.,
        Plaintiff,        CASE NO. CV 10-05862 EJD

v.

DOES 1-2010,        **BRIEF**
        Defendants



    Plaintiff's personal jurisdiction over me, according to his Complaint is based on the unsubstantiated allegation that I either live within the jurisdiction of this Court which is false. (see Certification ¶ 1) Or that I have significant contacts within the jurisdiction of this Court which is false. (see Certification ¶ 2-4) Or that Plaintiff has some proof that I had knowledge of my server accessing his video which I deny. (see Certification ¶ 5) Plaintiff suggests that somehow in the virtual world, I invaded his client's server within the jurisdiction of this Court and somehow it would be fair for the parties if I travel 3,000 miles, enter the jurisdiction of this Court and defend myself. I reject Plaintiff's theory.

    Many judges have also rejected Counsel for Plaintiff's theory. In one of Plaintiff's many cases, *On the Cheap, LLC v. Does 1-5011, 2011 U.S. Dist. LEXIS 99831 (N.D. Cal. Sept. 6, 2011)* Judge Zimmerman held only one defendant was

within the jurisdiction of this Court and dismissed the Complaint against all other Defendants except those who settled. *Id. *17, n.10* His main reason in following other similar cases was, "I agree with the views expressed by these courts and find that plaintiff has not established that joinder would be proper under *FRCP 20(a)(2)* merely because defendants used BitTorrent to download the same film." *Id. *5, n.3* He also noted counsel for Plaintiff's cases have been dismissed for lack of jurisdiction on a number of occasions. *i.e.,CP Prods., Inc. v. Does 1-300, 2011 WL 737761 at *1 (N.D. Ill. Feb. 24, 2011)* I note Judge Zimmerman's decision was followed in *Millenium TGA v. Doe, 2011 U.S. Dist. LEXIS 110135 (N.D. Ill. Sept. 26, 2011)*

In this case, Plaintiff alleges, Doe 1 infringing took place 9/15/10 and mine took place 10/16/10. As pointed out by Judge Zimmerman, Courts have found dismissal appropriate where such a large gap of time tends to show lack of cooperation between defendants. *Boy Racer v. Does 2-52, 2011 U.S. Dist. LEXIS 86746 *4-5(N.D. Cal. Aug. 5, 2011)*

Another problem found by Judge Zimmerman was, "Plaintiff is located in Southern California. The majority of Doe defendants are located outside of Northern California." Certainly this would be a problem in my case with me in New Jersey. Furthermore, Judge Zimmerman was particularly concerned with Counsel for Plaintiff's scheme of threatening Defendants with potentially 1000s of dollars in damages for an inexpensive video as I believe he is doing here. *See Cert.*

¶6, *Ex. A* Judge Zimmerman was also irked by Counsel for Plaintiff's refusal to disclose the settlement demands sent to Defendants which led him to the following conclusion, "If all the concerns about these mass Doe lawsuits are true, it appears that the copyright laws are being used as part of a massive collection ploy and not to promote useful arts." *Id. 12, n.6*

Finally, the Court was concerned that Plaintiff's cases are marked by not serving Defendants but just getting the pre-conference discovery order and extracting the settlement money until the case is dismissed. *Id. 15*

## Conclusion

For the aforementioned the within motion should be granted.

*[signature]*

**CHRISTA BRANIN, PRO SE**
DEFENDANT 132

# LAW OFFICES OF IRA M. SIEGEL

Intellectual Property Protection & Enforcement
Patent, Trademark And Copyright Law

By U.S. Mail with a copy via Email

October 05, 2011

To: CHRISTA BRANIN
33 WOODLAWN AV
Collingswood, NJ 08108

Re: Allegation of Copyright Infringement
Discovery Obtained in Case Name: Third Degree Films, Inc. v. DOES 1-2010
Case No.: CV-10-05862-HRL, United States District Court for the Northern District of California
**Title of Infringed Motion Picture:** Illegal Ass 2
**File Name:** illegal.ass.2-sasha.grey
**Hash:** c6be27d9167b3d7e8b5fd6f1c03a4c39da222c8d
**File Size:** 431,898,422 bytes         **ISP:** Verizon Internet Services
**Doe No.:** 132                         **Case Management ID:** 856068
**Timestamp:** 10/16/2010 5:05:33 PM EDT **Protocol:** BitTorrent
**IP Address:** 173.72.65.224            **Port:** 21531

Dear CHRISTA BRANIN:

**If you have already referred this matter to your own lawyer, please forward this letter to that attorney.
IF YOU HAVE NOT ALREADY DONE SO, YOU SHOULD CONSIDER CONSULTING WITH
YOUR OWN ATTORNEY IN CONNECTION WITH THIS MATTER.**

We represent the owner of the copyright in the motion picture that is identified above.

That motion picture was downloaded from the Internet without legal authorization. Discovery was authorized by the Court in the above-identified case relating to the identities of the subscribers whose Internet accounts were allegedly used to download from and/or make available on the Internet unauthorized copies of the above-named motion picture in violation of the U.S. Copyright Act (17 U.S.C. §§ 101 et cetera).

The complaint in that case can be viewed online at http://cv-10-05862-hrl.irasiegellaw.com/.

Pursuant to a Court-approved subpoena in that case, the Internet Service Provider ("ISP") named **above and other** ISPs have disclosed personally identifiable information about such subscribers, and you have been identified as one of those subscribers.

On behalf of Plaintiff, we will formally name you as a defendant (i.e., as an alleged infringer of Plaintiff's copyright in the above-named motion picture) in the above-identified case or in a subsequent case if you do not reach a settlement by the close of business on Tuesday, October 25, 2011.

In connection with any such case, we will seek, among other things, an award against you for damages of up to $150,000 for willful infringement, and up to $30,000 for non-willful infringement, under the statutory damages provisions of

Case Management ID: 856068

---

Mail Correspondence Address: P.O. Box 16952, Encino, CA 91416
Physical Address: 433 N. Camden Drive, Suite 970, Beverly Hills, CA 90210
Tel: 888-406-1004 | Fax: 888-406-8732 | Email: info@irasiegellaw.com

# LAW OFFICES OF IRA M. SIEGEL

Intellectual Property Protection & Enforcement
Patent, Trademark And Copyright Law

the Copyright Act (17 U.S.C. § 504(c)), and costs, attorney fees, and a permanent injunction. In the meantime, do NOT delete any files relating to the above-identified motion picture from any of your computers unless and until Plaintiff's claim against you is resolved by settlement or otherwise. If you do, in addition to damages, we will seek sanctions against you for spoliation (i.e., destruction or alteration) of evidence.

To settle your infringement now, the settlement fee is **$2,500.00**. As indicated above, the settlement fee must be received by us, on behalf of Plaintiff, by the close of business on Tuesday, October 25, 2011. Otherwise, we will proceed to enforce Plaintiff's copyright with the understanding that you do not intend to resolve this matter without a lawsuit.

Settlement payment in the form of a check or money order should be made payable to "Law Offices of Ira M. Siegel," with **Case Management ID: 856068** written on the remittance/advice line of the check or money order.

The payment, along with your signature on the Liability Release Agreement (see attached document) should be sent to this address:

**Law Offices of Ira M. Siegel**
**P.O. Box 16952**
**Encino, CA 91416**

Note: You may use Express Mail or Priority Mail (ask for the tracking option) so that you have a tracking number. Both will be received at P.O. Box 16952, Encino, CA 91416.

With respect to the Liability Release Agreement, read it carefully. We have accommodated the reasonable interests of accused infringers such as yourself. Once the Liability Release Agreement signed by you has been received by us and the money represented by your check or money order has actually been received in my attorney-client trust account, I will return to you the attached Liability Release Agreement counter-signed by me on behalf of Plaintiff, along with a Settlement Date and Release Security Code. Shortly thereafter, to the extent that a case is active with the specific IP Address and Timestamp shown above, a dismissal of you, identified by that IP address and timestamp, from the case will be filed with the Court and sent to you as well.

Juries and courts do take copyright infringement very seriously. As noted above, **you should consider consulting with your own attorney in connection with this matter.** You and/or your attorney may research similar cases relating to unauthorized downloading of media, such as in the music industry.

We look forward to resolving this case with you according to the terms set forth in the Liability Release Agreement. If we do not, then you may formally be brought into a case without further notice.

Sincerely,

*Ira M. Siegel*

Ira M. Siegel

Case Management ID: 856068

Page 2 of 2

# LIABILITY RELEASE AGREEMENT
### Third Degree Films, Inc. v. DOES 1-2010, CV-10-05862-HRL
### United States District Court for the Northern District of California

**This Liability Release Agreement is effective ONLY after:**
The Settlement Date and Release Security Code have been inserted below by
RELEASOR's attorney and RELEASOR's attorney has signed the Liability Release.

**Settlement Date:**
[To be inserted by RELEASOR's attorney]

**Case Management ID:**
856068

**Title of Work:**
Illegal Ass 2

**Infringement IP Address:**
173.72.65.224

**RELEASOR:**
Third Degree Films, Inc.
20525 Nordhoff St, Suite #25
Chatsworth, CA 91311

**Source & Timestamp [U.S. Eastern Time]:**
BitTorrent - 10/16/2010 05:05:33 PM EDT

**RELEASEE DOE NO.:** Doe 132

**Settlement Amount:**
$2,500.00

**RELEASEE:**
CHRISTA BRANIN
33 WOODLAWN AV
Collingswood, NJ 08108

**Release Security Code:**
[To be inserted by RELEASOR's attorney]
Notes:
(1) The Release Security Code will be inserted after your payment and signature below are received.
(2) At that time, the Liability Release Agreement will be counter-signed by Plaintiff's attorney and sent to you.
(3) Anyone presenting a fake Release Security Code will be prosecuted under the law.

1. The signature of RELEASOR's attorney following this Paragraph 1 signifies the agreement of RELEASOR to all of the following terms and conditions. The signature will be on the copy of this first page returned to RELEASEE after RELEASEE's payment and signed Liability Release Agreement have been fully received by RELEASOR's attorney.

Date: _____   _____[To be signed by RELEASOR's attorney]_____
         Month, Day, Year                Ira M. Siegel, LAW OFFICES OF IRA M. SIEGEL, 433 N. Camden Drive, Suite 970,
                                         Beverly Hills, CA 90210
                                         for RELEASOR/Plaintiff Third Degree Films, Inc.

2. This Liability Release Agreement (hereinafter "Agreement") pertains to a disputed claim and does not constitute an admission of liability by any of the parties to this Agreement. Notwithstanding the foregoing, RELEASEE and RELEASOR agree as follows:

3. The above-identified RELEASEE represents and warrants to RELEASOR that RELEASEE has made diligent efforts to identify and, if found, to remove any and all copies of the above-titled work from all of RELEASEE's computers, and to the extent any other copies may have existed in other media RELEASEE's possession, RELEASEE has destroyed all other copies of the work prior to the Settlement Date written above, except for any copies lawfully obtained from RELEASOR.

4. RELEASEE releases RELEASOR from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASOR's prosecution of the above-identified case.

5. In reliance on and in exchange for the representations and warranties and release by RELEASEE, and in consideration of the settlement amount set out above received by RELEASOR from RELEASEE on the Settlement Date, RELEASOR hereby releases and discharges the RELEASEE, and RELEASEE's heirs and successors, from and against all claims, causes of actions, lawsuits, damages and demands whatsoever, specifically arising from, relating to, or in connection with RELEASEE's actions in connection with RELEASEE's alleged infringement prior to the Settlement Date of the copyright in the above-titled work on the computer associated with the IP Address and Timestamp listed above, and/or on computers within the same specific household associated with the IP Address and Timestamp listed above. In this regard, the term "RELEASEE" includes any person who had used a computer in such household to the extent, and only to the extent, that the use of such computer was in such household. This Agreement applies to no other claims, causes of action, lawsuits, damages and demands that RELEASOR may have against RELEASEE (e.g., for any infringement of the copyright in another work or for subsequent infringement of the same work) which, if existing, shall survive this Agreement. This Agreement does not apply to any infringement by any other "Doe" defendant in the above-identified case. If the above-identified case has not otherwise been dismissed with respect to RELEASEE, dismissal with prejudice will be filed in the above-identified case identifying the RELEASEE by the "Doe" number and IP Address and Timestamp listed above.

6. Confidentiality: Except to the extent necessary to enforce the terms of this Agreement, the parties shall maintain the terms of this Agreement confidential, including the real name and address of the RELEASEE. It is understood and agreed that the fact that settlement has been reached with the party identified by the "Doe" number and/or IP Address and Timestamp listed above is not confidential.

7. **RELEASEE acknowledges that he or she has had the opportunity to seek the advice of independent counsel of his or her own choice regarding this Agreement.**

8. This Agreement constitutes the complete statement of the terms and conditions of the agreement between the parties, and supersedes and merges all prior proposals, understandings and all other agreements, oral and written, between the parties relating to the subject of this Liability Release. Any and all other written or oral agreements existing between the parties hereto regarding such transaction are expressly cancelled. This Agreement cannot be modified or otherwise changed except by an instrument in writing duly signed by the parties hereto. This Agreement shall be interpreted in accordance with the law of the State of California. In the event of a dispute arising out of or related to this Agreement, the prevailing party shall be awarded his or her reasonable attorney's fees by a court of competent jurisdiction.

This Release is signed by RELEASEE.

Date: _____  _____
       Month, Day, Year            CHRISTA BRANIN, 33 WOODLAWN AV, Collingswood, NJ 08108
                                   RELEASEE/Defendant Doe 132

**RELEASEE's preferred email address:** _____

**RELEASEE's Settlement Checklist:**
- ☐ Date above and sign above
- ☐ Provide preferred email address above (finalized Liability Release Agreement will be emailed to this address)
- ☐ Make check, certified check, or money order in the amount of $2,500.00 payable to "Law Offices of Ira M. Siegel"
- ☐ Mail payment and BOTH pages of the Liability Release Agreement to:
  Law Offices of Ira M. Siegel, P.O. Box 16952, Encino, CA 91416 (You may use Express Mail or Priority Mail so that you have a tracking number. Both will be received at P.O. Box 16952, Encino, CA 91416.)